IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SADAKA DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:15CV665-MHT |
| KATRINA CAVER, | ) |
| Defendants. | ) |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

By order entered on September 17, 2015, the District Judge has referred this case to the undersigned for action or recommendation on all pretrial matters. (Doc. # 6). Plaintiff Sadaka Davis, proceeding *pro se*, has filed a motion for leave to proceed *in forma pauperis* in this action (Doc. # 2). Upon consideration of the motion, it is

ORDERED that the motion is GRANTED.

However, upon review of the complaint, the court concludes that dismissal of plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B) is appropriate.[1] Thus, it is further

ORDERED that service of process is STAYED pending further order of the court.

The complaint and its attachments – along with the court's record in other lawsuits that plaintiff has commenced in this court – reveal that this action arises from an incident that occurred on September 16, 2014, when William Roebuck (not a party in this action) attempted to repossess plaintiff's girlfriend's car. On September 17, 2014, plaintiff swore out a complaint against Roebuck

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

in the Clanton municipal court and, the next day, Roebuck swore out a complaint against the plaintiff. Plaintiff was arrested on a warrant issued by Clanton municipal court clerk Velma Tinsley on a charge of harassment and, on October 28, 2014, he was tried and acquitted by the municipal court judge.  (Complaint and attachments; see also Doc. #13-1 in Civil Action No. 2:14cv1064-MHT; Complaint and Doc. # 25-1 in Civil Action No. 2:14cv986-WKW).

The present lawsuit is the fifth that plaintiff has filed in this court arising from the repossession incident and its immediate aftermath.[2]  Counting the lawsuit he filed in state court, this is the third complaint that plaintiff has filed against defendant Katrina Caver.  In the previously-filed lawsuits, plaintiff sued Caver for her actions as the municipal court magistrate in filing "only assault 3rd" charges against Roebuck instead of allowing plaintiff to "press all [of his] charges" against Roebuck. (See Civil Action No. 2:14cv986-WKW, Docs. # 1, # 47-1 at p. 3, and # 61-1).[3]  In this action, plaintiff sues Caver for her "actions of signing (Notorized)[sic] the unlawful paper instrument" which "resulted in the violation of civil rights and procedures and deprived Sadaka Davis [of] his (personal) Freedom. (Jailed)." (Complaint, ¶¶ 5, 6). Plaintiff alleges that this deprivation of his civil rights occurred on September 18, 2014.  (Id., ¶ 4).  Plaintiff further asserts:

I Sadaka Davis was unlawfully arrested on by Daniel eric Smitherman without a

---

[2] See Civil Action Nos. 2:14cv986-WKW (against the Clanton police department, Clanton police officer Daniel Eric Smitherman, and Katrina Caver (for her acts as magistrate with regard to the charges against Roebuck)); 2:14cv1001-MHT (against Roebuck); 2:14cv1064-MHT (against municipal court judge Jackson); 2: 15cv664-MHT-TFM (against municipal court magistrate Velma Tinsley).  Plaintiff also sued the police department, Smitherman and Caver in state court. See Doc. # 61-1 and # 61-3 in Civil Action No. 2:14cv986-WKW (Complaint and Order of Dismissal in Case No. CV-2014-000048.00 in the Circuit Court of Chilton County).

[3] The case filed previously in this court remains pending as to Officer Smitherman. The court dismissed plaintiff's claims against Caver on November 26, 2014, on the basis of judicial immunity. (See Docs. ## 9, 16 in Civil Action No. 2:14cv986-WKW).

> Legal warrant of arrest. Due to improper procedures of law Katrina Caver (notarized Velma tinsley) Signed in a Magistrate/Judge position on an unlawful arrest warrant Leading/causing the arrest of Sadaka Davis.

(Complaint at Doc. # 1-1 (separate page styled "Claim + Relief")(errors in original). Plaintiff alleges that Caver "signed and produced this Document on her own behalf/reason" during discovery in his lawsuit against Smitherman, and that Caver's action resulted in the violation of plaintiff's civil rights and deprived him of his freedom. (Complaint, ¶ 5). Plaintiff attaches to his complaint the "unlawful paper instrument" that bears Caver's signature and gives rise to plaintiff's claims against her. (Complaint at Doc. # 1-2)(arrest warrant).

While Caver's role in the alleged violation of plaintiff's constitutional and statutory rights is difficult to decipher from the allegations in the body of the complaint, but the arrest warrant plaintiff has attached to the complaint makes clear that plaintiff now sues Caver because of her conduct *on November 12, 2014*, in signing as "Municipal Court Clerk," to certify as "true according to Clanton Municipal Court records" a copy of the arrest warrant issued by Velma Tinsley. See Doc. 1-2 (Caver's signature in stamped certification); cf. Civil Action No. 2:15cv664-MHT, Complaint at ¶ 5 (plaintiff's lawsuit against Velma Tinsley for "signing a warrant of arrest in a Judge/Magistrat[e] position on the paper instrument resulting in the unlawful arrest of Sadaka Davis resulting to Jail"); id. at Doc. # 1-1 (attaching to the complaint against Tinsley a duplicate of the warrant attached to the present complaint, bearing Tinsley's signature, dated September 18, 2014, as "Judge/Magistrate/Clerk[,]" and Caver's November 2014 certification)).

In short, plaintiff alleges that Caver violated his constitutional and statutory rights and caused him to be arrested unlawfully on September 18, 2014, by – nearly two months thereafter – *certifying a copy of the arrest warrant as a true copy of the municipal court's record*. For this allegedly

unlawful conduct, plaintiff seeks judgment against Caver for monetary damages in the amount of $1,000,000.00. The court concludes that plaintiff has failed to allege a plausible claim for relief against Caver and, accordingly, that this action is due to be dismissed.[4] In assessing whether a complaint states a claim for relief, the court does not consider "allegations ... that are merely legal conclusions." American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Instead, the court considers only the allegations of *fact* to determine whether the complaint includes "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Randall v. Scott, 610 F.3d 701, 707 n. 2 (11th Cir. 2010)(internal quotation marks omitted); see Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555-56 (2007). The complaint must contain allegations of fact adequate to "nudge[] the[] claim across the line from conceivable to plausible." Id. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Rule 8(a)(2))(second alteration in Iqbal).

The underlying basis for plaintiff's claims is his contention that he was arrested pursuant to an unlawful warrant. Caver did not issue the warrant; she merely certified a copy of it two months thereafter. Plaintiff's allegations of fact fail to suggest even the "mere possibility of misconduct" by Caver in connection with her certification of the municipal court's record – even *assuming* that

---

[4] In assessing plaintiff's complaint to determine whether it states a claim, the court may consider the attachments to the complaint. Cf. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)(in ruling on Rule 12(b)(6) motions to dismiss, courts "ordinarily examine ... documents incorporated into the complaint by reference"); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006)(in assessing a complaint pursuant to Rule 12(b)(6), the court considers the complaint and its attached exhibits).

Tinsley issued the arrest warrant unlawfully – nor do those factual allegations suggest any viable legal theory under which plaintiff could be entitled to relief. Thus, plaintiff's complaint fails to state a claim for relief. Additionally, the complaint is frivolous because it lacks an arguable basis in fact: Caver's *November 2014* certification of the Clanton municipal court's record of the arrest warrant cannot, as a matter of fact, have caused or contributed to the injury of which plaintiff complains – *i.e.*, the deprivation of his liberty in *September 2014*. See Neitzke v. Williams, 490 U.S. 319, 325 (1989)("[A] complaint ... is frivolous where it lacks an arguable basis either in law or in fact."). Plaintiff cannot cure this chronological defect in his allegations by amendment.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's claims be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the plaintiff. Plaintiff is DIRECTED to file any objections to this Recommendation on or before October 7, 2015. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; see Resolution Trust

Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 23rd day of September, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE